BROWNLEE LUMBER CO. *v.* GANDY.

[87 South. 470, No. 21613.]

CORPORATIONS. *Evidence of contract with president insufficient to show contract of sale by corporation, in absense of showing that he contracted for it.*

In a suit against a corporation upon a contract of sale, the evidence must show with reasonable certainty that the contract was made with the corporation. Showing a contract with the president of the corporation is not enough. There must be some evidence tending to prove that the president of the corporation was contracting for the corporation.

APPEAL from circuit court of Clarke county.

HON. R. W. HEIDELBERG, Judge.

Action by N. C. Gandy against the Brownlee Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*D. W. Heidelberg,* for appellant.

It does not appear that Gandy ever had any dealings with the Brownlee Lumber Company, while it was a corporation. It does not appear that Gandy ever knew that there was such a corporation as the Brownlee Lumber Company. He stated more than once that he had the transaction in question with J. N. Brownlee himself, and he did not know whether he was acting for himself or for a

company, or if for a company, whether the company was a corporation, a partnership, or an individual. It does not appear that Brownlee ever said or did anything to mislead or calculated to mislead Gandy as to whether the Brownlee Lumber Company was or was not a corporation, or that he was ever misled by any one, or had any opinion at any time as to what the Brownlee Company was, as to whether it was a corporation, a partnership, or an individual. It does not appear that Gandy at any time made the least effort to ascertain whether it was a corporation or not. Brownlee says that he, as an individual, had bought all of the assets of the corporation in the latter part of the year 1914, near three years before the transaction was had with Gandy. A deed conveying the land and timber by the corporation to Brownlee was on record, and Gandy is presumed to have had notice of its existence. This deed embraced the very land and timber which was cut by Gandy. He is presumed to have known that he was cutting Brownlee's timber, and that in making the trade with reference to this very timber Brownlee was acting for himself. The former stockholders of the corporation excepting Brownlee, had long since moved away, to a town north of the city of Meridian, as the testimony of Brownlee shows. In view of all these facts can it be said that Brownlee as an individual, or that the Brownlee Lumber Company as a corporation, is estopped from showing that the latter made no trade with Gandy.

In the case of *Turnipseed* v. *Hudson,* 50 Miss. 429, at page 436, it is stated by the supreme court that the following elements must be present in order to an estoppel: 1. There must be a representation or a concealment of material facts; 2. The representation must have been made with knowledge of the facts; 3. The party to whom it was made must have been ignorant of the truth of the matter; 4. It must have been made with the intention that the other party should act upon it; 5. The other party must have been induced to act on it. Now we submit that none of these elements of estoppel enter into the present case.

With reference to the first, second and third grounds what representation or concealment of any material fact did Brownlee make to Gandy? None. With reference to the fourth ground, can it be contended that Brownlee made any statement with the intention that Gandy should act on it? With reference to the third ground, can it be said that Gandy was ever induced to act upon any statement Brownlee ever made?

In the case of *Brown* v. *Wheeler,* 44 Am. Dec. 550, at page 554, the court says that the rule as it regards estoppel *in pais* is that where a man by his words or conduct, wilfully causes another to believe in the existence of certain state of things and induces him to act upon that belief, so as to injuriously alter his previous transaction, the former is concluded from the averring as against the latter, a different state of things, as existing at that time. Is there anything in the record to show that Brownlee or the Brownlee Lumber Company, a corporation, ever wilfully misled Gandy?

In the case of *Caldwell* v. *Auger & Herbert,* 77 Am. Dec., 515, at page 517, it is stated that: "The rule of law is clear that where one, by his words or conduct, wilfully causes another to believe in a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. *Cook* v. *Walling,* 10 Am. St. Rep., 17, at page 19; *McAlferty* v. *Cornover Lessee,* 57 Am. Dec. 60.

The second instruction is not the law. It was doubtless intended to tell the jury by this instruction that inasmuch as Brownlee did not pay the Phillips Mercantile Company what it agreed to do, according to the testimony of Gandy, then Gandy was not bound by the terms of the contract made with the company.

That he could ignore the contract and recover the value of the lumber, this the jury were told he could do, notwithstanding the fact that the declaration is based on a contract. For these reasons heretofore given the court

also erred in refusing to give the defendant the peremptory instruction asked for. For the foregoing reasons we submit that the judgment below should be reversed and the case dismissed.

*N. J. Pack,* for appellees.

The points of law presented by counsel and raised by this record are: First: Is the Brownlee Lumber Company a corporation, estopped to deny this transaction in its corporate capacity? The public was lead to believe by the conduct of appellant that it was still doing business as a corporation. It is true that Mr. Brownlee testified that he bought the real estate from the corporation and took over the business to operate, but the corporation was never dissolved, nor any notice ever given to the public by publication or otherwise that the corporation had sold its property. It was the Brownlee Lumber Company before the deed was made to J. N. Brownlee, and was the Brownlee Lumber Company right on up to the filing of this suit and trial of the case. Gandy testified that he knew of no change in the style of the firm, and that he knew that the name of Brownlee Lumber Company was on the letter heads, etc., of the company and also on their locomotives and that every bill head and every account that he received from appellant had Brownlee Lumber Company on it.

We thus have a corporation doing a general saw mill business upon a large scale, advertising to the public the name of the Brownlee Lumber Company as owner and continuing to deal with the public without ever changing the firm name of the company. Some of the stockholders who had been managing the business, who takes it over without a single change in the management, name or general method of operation, under the contention made by appellants, a corporation, with a credit established and advertised to the world as reputable and worthy of confidence and trust could, by merely executing a deed con-

vey its assets to one of its stockholders and defeat obligations afterwards made.

"Estoppels *in pais* operate against corporations in like manner as against natural persons," 10 Cyc. 1065. The rule more fully stated is: "corporations quite as much as individuals are held to a careful adherance to truth in their dealings with mankind, and cannot by representations or by silence involve others in onerous engagements and then defeat the just expectations which their conduct has superinduced."

The transfer of all of the real estate owned by appellant or even a transfer of all of its tangible effects would not operate as a dissolution of a corporation. 5 Thompson on Corporations, sec. 6493, and authorities cited.

The rule that estoppel applies to corporations the same as individuals, 10 Cyc., 1065, *supra,* is quoted with approval in 2 Thompson on Corporations, sec. 1946. See *Gown Marble Co.* v. *Tarrent,* 73 Ill. 608. Second: Could estoppel be relied upon by plaintiff who had not raised it in the pleadings?

Appellant contends in his brief that even though this is a case for the application of estoppel, appellee cannot invoke it because he did not plead it specially. A complete answer to this would be that appellee had no way of knowing that this defense would be relied upon.

Appellant had held itself out to the public as the Brownlee Lumber Company. It started out as a corporation and continued to do business in the same place, under the same name and under the same management. If appellant filed a special plea raising the question of non-joinder as it was required to do under section 723 of the Code of 1906, section 506, Hemingway's Code, or if it had raised the question that the Brownlee Lumber Company was not doing business any longer as a corporation by filing a special plea or giving notice of special matter under the general issue, then appellee would, of course, be required in its replication, to have met this issue. But appellant having failed to raise this question in a plea that would put

the appellee on notice, he could meet it only as it was raised, and that was when it was offered as a defense on the trial of the case.

The plea of the general issue, we respectfully submit, would not make competent this evidence, and even if it did, the evidence all went in and was before the court and jury even after the ruling of the court complained of by appellant.

We stand, however, upon the proposition that it was not necessary for the plaintiff to plead, specially estoppel in this case. In 16 Cyc., page 808, the rule is laid down that "where plaintiff has had no opportunity to plead an estoppel, he may show it in evidence without having pleaded it; and the same is true where it does not appear that plaintiff knew the facts when his complaint was drawn, or that his demand must ultimately rest upon it."

We earnestly submit that every question of disputed facts has been fairly submitted to the jury on proper instructions; that there has been no error of law committed by the court below, and that the case should be affirmed.

SAM C. COOK, P. J., delivered the opinion of the court.

The declaration charges that the plaintiff sold and delivered to the defendant lumber and logs and the defendant accepted the same amounting in value to six hundred fifty-five dollars, that the defendant was entitled to a credit of two hundred fifty-four dollars and eighty cents, and demands judgment for the balance four hundred four dollars and fourteen cents. Defendant filed two pleas—the first denying that it owed plaintiff the sum sued for or any part thereof. The second plea averred that the defendant paid all the sums due by defendant to the plaintiff. No replication was filed, but issue was taken in short.

The evidence in the case disclosed that the plaintiff had cut certain timber belonging to J. W. Brownlee and converted a part of same into lumber and delivered the same to J. W. Brownlee. The evidence fails to support the

averments of the declaration. As we read the evidence, the plaintiff did not testify that he contracted with the Brownlee Lumber Company, a corporation. It seems that there was at one time a corporation known as the Brownlee Lumber Company, and J. W. Brownlee was the president of the corporation. It also appears that the corporation had gone out of business before the transactions in this case. It was necessary for the plaintiff to prove that the corporation made the contract sued upon.

The plaintiff was a frank witness, and would not say that he contracted with the corporation, or that he understood that he was dealing with the corporation. We are of the opinion that the plaintiff did not prove his case; indeed, it seems reasonably clear that the plaintiff did not at any time understand that he was dealing with the corporation but understood that he was dealing with J. W. Brownlee and was looking to him for the payment of the account.

*Reversed and remanded.*